82,421-02,03,04,05,06

To: Court of Criminal Appeals                    June 25, 2015
   P.O. Box 12308
   Austin, Tx. 78711

Re: Remand order; Objection to state's proposed findings
    Ex Parte Williams Writ # 1224792-A; 1224794-A; 1255821-A; 1231935-A; 1225681-A
    C.C.A Records as No. WR 82-421-02, -03, -04, -05 and, -06


   On February 25th, 2015, this Court abated my habeas proceedings to the trial court. Pursuant to this, the state made a proposed order. I am unaware if the trial court signed this, or, if he did anything else to my writ. For preventive measures, I file this objection to the state's proposed order because I believe a retroactivity analysis need not be conducted because the parole ~~information~~ misinformation was an essential part of my plea agreement for my three life sentences. To my calculation, June 25, 2015 is the date the record should be sent back to the C.C.A. Because I have no knowledge and the trial court has not sent me its own findings of fact or conclusions of law, I send this to you in the event it does adopt the state's findings.

   As of this day, has the Court of Criminal Appeals received a supplemental transcript pursuant to it's order to the trial court? Please inform me of this and please notify me that you received the following enclosed filing.


                                        Sincerely,

                                        Rodney Kevin Williams S.

RECEIVED IN
COURT OF CRIMINAL APPEALS

JUN 29 2015

Abel Acosta, Clerk

                                        Rodney Kevin Williams Sr.
                                        T.D.C.J. # 1635827
                                        French M. Robertson Unit
                                        12071 F.M. 3522
                                        Abilene, Tx. 79601

Cause # 1224792-A, 1224794-A, 1255821-A, 1281935-A, 1225681-A

Ex Parte                                        In the Court
                                                of Criminal
Rodney Williams                                 Appeals, Austin, Tx.

---

Objection to the State's Proposed Findings of Fact and
Conclusions of Law and Order After Remand by the
Court of Criminal Appeals

---

## I. Introduction

After remand from the C.C.A., the state, in it's proposed order finds applicant's claim that he would have insisted on going to trial but for counsel's misadvice on parole eligibility credible. As of this date, he is unaware if the trial Court adopted the State's findings, but files this objection due to the state urging the trial Court and the Court of Criminal Appeals to conduct a retroactivity analysis. The state's proposed findings urge the Court of Criminal Appeals to see whether Moussazadeh III 361 S.W.3d 684 (Tex. Crim. App. 2012) is retroactive to cases occurring before February 15, 2012. Although under the right circumstances a retroactivity analysis should be permissible, the issue is inapplicable because applicant met the standard under Moussazadeh II 64 S.W.3d 404 (Tex. Crim. App. 2001) to obtain relief under an already established precedent because parole eligibility

1

misinformation was an essential part of his plea agreement. In light of Ex Parte Stephenson 722 S.W. 2d 426 (Tex. Crim. App. 1987), the trial Court needs to still further develop the record to make specific fact findings regarding the implicit terms that by signing for a life sentence, ran concurrent for all charges in a plea bargain, he would be parole eligible.

## II. Essential Part of Plea Agreement

Mr. Williams pled guilty to all of his crimes for a life sentence ran concurrent for all charges. The life sentences ran concurrent was part of a plea bargain. Mr. Williams has a copy of this plea agreement and hopes the Clerk already sent the C.C.A. a copy of this plea agreement as well. If not, he will furnish it if requested. Where the State's proposed order is inadequate in resolving this ineffective assistance claim, is that it made no fact determination if the misinformation about parole was an essential part of the plea agreement. Although the parole information was not incorporated into the actual plea agreement itself, it was implicitly implied. There is no rational basis on why applicant would plead guilty to three life sentences ran concurrent in his plea bargain, if he wouldn't be parole eligible. As applicant attached as an Exhibit to his habeas corpus - his trial attorney's affidavit in

2

response to a state bar grievance entailed this was the only reason he was pleading guilty.

The state proposed conclusions of law and fact finding are inadequate. As entailed in Moussazadeh II, id., an essential part of a plea agreement must be found upon the express terms of the written plea agreement itself, the formal record at the plea hearing, or the written or testimonial evidence submitted by both the prosecution and the applicant in a habeas proceeding. The last prong is the issue here. The trial Court needs to address if parole eligibility was an essential element of the plea agreement with an evidentiary hearing. The case Ex Parte Stephenson 722 S.W.2d 426 (Tex. Crim. App. 1987) is strikingly similar to applicant's case, because, although the plea bargain papers do not include parole misinformation as an essential element in its written form – it was an "implicit" term. Because of this case, applicant is entitled to relief. The record in this habeas proceeding needs to be expanded in light of Ex Parte Stephenson, id.

III. Further Development of the Record

WHEREFORE PREMISES CONSIDERED, Applicant prays the trial Court be mandated to conduct an evidentiary hearing and expand the record to determine if his parole misinformation was an essential element of his plea agreement.

3

Respectfully Submitted,

Signed this <u>25th</u> day of <u>June</u>
<u>2015</u>

*Rodney Kevin Williams Sr.*

Rodney Kevin Williams Sr.
T.D.C.J. # 1635827
French M. Robertson Unit
12071 F.M. 3522
Abilene, Tx. 79601

4

Cause # 1224792-A; 1224794-A; 1255821-A; 1231935-A; 1225681-A

Ex Parte

In the Court
of Criminal

Rodney Williams

Appeals, Austin, Tx.

Unsworn Declaration / Affidavit for Habeas Corpus
Cause # 1224792-A; 1224794-A; 1255821-A; 1231935-A; 1225681-A

I, Rodney Williams, affirm I agreed to plead guilty for all of my offenses in above said cause numbers for a life sentence ran concurrent for all charges because, by taking this plea bargain, my attorney told me the essential factor to it would be that I would be eligible for parole one day. The plea bargain I entered intos whole substance was parole eligibility. This is the only reason and consideration by the state that went into it.

Because I am stuck with a life sentence with no parole, I cannot fathom how this could not be an essential part of my plea agreement. Canidly put, I feel this conviction is unconscionably impermissible, and have lost faith in our judicial system.

Pursuant to presently being incarcerated in the Texas Department of Criminal Justice, I affirm the above is true and correct to the best of my ability.

Dated and signed this day, the 25th of June, 2015

Rodney Kevin Williams Sr.